UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINC BENKERT,

    Plaintiff,

v.                                                                       CASE NO: 8:04-cv-1-T-23TGW

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

Pursuant to Rule 60(b), Federal Rules of Civil Procedure, the plaintiff moves (Doc. 30) for "[r]elief from this Court's order of April 30, 2005."[1] The plaintiff argues that "the erroneous information she was given regarding the potential offset" constitutes a mistake or excusable neglect. (Doc. 30). However, the defendant explains that "we are dealing strictly with a unilateral mistake on the part of the plaintiff and her attorney." (Doc. 31). Under Florida contract law, which governs the enforceability of the settlement, a contract may not be avoided for a unilateral mistake.[2] <u>Tilden Groves Holding Corp. v. Orlando/Orange County Expressway</u>, 816 So.2d 658, 660-61 (Fla. 5th DCA 2002) ("[C]ases settled in mediation are especially unsuited for the liberal application of a rule...allowing rescission of a settlement based on unilateral mistake.").

---

[1]The April, 2005 order (Doc. 29) enforces the parties' settlement agreement.

[2]The plaintiff's counsel admitted in open court that the settlement constitutes a valid contract. (Doc. 29).

Consequently, for the foregoing reasons and the reasons cited in the defendant's response (Doc. 31), the plaintiff's motion (Doc. 30) is **DENIED**.

ORDERED in Tampa, Florida, on May 30, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE